UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CLAUDE MURRY,

    Plaintiff,

    v.

UNITED STATES MINT,

    Defendant.

Case No. 15-cv-00182-DMR

**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING CASE WITH LEAVE TO AMEND**

Re: Dkt. No. 2

Plaintiff filed a Complaint and Application to Proceed *in forma pauperis* ("IFP Application") on January 13, 2015. [Docket Nos. 1, 2.] The court grants the IFP Application and dismisses the complaint with leave to amend.[1]

## I.    DISCUSSION

A court may authorize a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or provide such security. *See* 28 U.S.C. § 1915(a). Having evaluated Plaintiff's financial affidavit, the court finds that he has satisfied the economic eligibility requirement of 28 U.S.C. § 1915(a) and grants the application to proceed IFP.[2]

---

[1] A magistrate judge generally must obtain the consent of the parties to enter dispositive rulings and judgments in a civil case. *See* 28 U.S.C. § 636(c)(1). However, in cases such as this one, where the plaintiff has consented but not served the defendants, "all parties have consented pursuant to 28 U.S.C. § 636(c)(1)," and a magistrate judge therefore "'may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case.'" *Gaddy v. McDonald*, No. CV 11-08271 SS, 2011 WL 5515505, at *1 n.2 (C.D. Cal. Nov. 9, 2011) (quoting § 636(c)(1)) (citing *United States v. Real Property*, 135 F.3d 1312, 1317 (9th Cir. 1995)); *Third World Media, LLC v. Doe*, No. C 10-04470 LB, 2011 WL 4344160, at *3 (N.D. Cal. Sept. 15, 2011)); *see also Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) (holding that magistrate judge had jurisdiction to dismiss action as frivolous without consent of defendants because defendants had not yet been served and therefore were not parties).

[2] On January 20, 2015, the court ordered Plaintiff to submit a completed IFP application as he had

The court's grant of Plaintiff's application to proceed IFP, however, does not mean that he may continue to prosecute his complaint.  A court is under a continuing duty to dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  Because a dismissal pursuant to Section 1915(e)(2)(B) is not a dismissal on the merits, but rather an exercise of the court's discretion under the IFP statute, the dismissal does not prejudice the filing of a paid complaint making the same allegations. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

To make the determination under 28 U.S.C. § 1915(e)(2)(B), courts assess whether there is a factual and legal basis for the asserted wrong, "however inartfully pleaded." *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Further, district courts have the authority to dismiss complaints founded on "wholly fanciful" factual allegations for lack of subject matter jurisdiction. *Id.* at 1228.  As such, "[a] court may dismiss as frivolous complaints reciting bare legal conclusions with no suggestion of supporting facts, or postulating events and circumstances of a wholly fanciful kind." *Id.* (citing *Taylor v. Gibson*, 529 F.2d 709, 717 (5th Cir. 1976)).  A complaint is frivolous for purposes of section 1915 if it lacks any arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-30 (1989).  In addition, a complaint fails to state a claim on its fact where it is based solely on conclusory statements, naked assertions without any factual basis, or allegations that are not plausible on their face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *see also Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam).

In this case, Plaintiff's sixty-page handwritten complaint is incomprehensible, and he asserts few, if any, discernible facts.  The complaint is labeled "Agreement between Government weights and [measurement]," and he names the United States Mint in San Francisco as the Defendant.  He states the "false claims unit violated [his] constitutional [rights]," but does not explain what the false claims unit is, which constitutional rights it violated, and how it violated his

---

failed to provide full answers to some of the questions.  [Docket No. 4.]  Plaintiff did not respond to this order or supplement his IFP application.  However, based on the information he did provide, the court finds that he satisfies the economic eligibility requirement of the statute.

rights. He refers to a number of medical conditions, but does not state any facts about how they are connected to his claims or to the Defendant. Attached to the complaint are printouts from webpages, Internal Revenue Service documents, what appears to be Plaintiff's certificate of discharge from active military duty, and medical records, but Plaintiff does not explain the significance of these documents or connect them to the Defendant or to any claim. In sum, Plaintiff states no facts in support of a cause of action under any statute, nor does he provide any facts suggesting this court has jurisdiction over his complaint.

The court therefore dismisses the complaint with leave to amend. **By no later than April 10, 2015,** Plaintiff may file an amended complaint that addresses the deficiencies noted in this order. Specifically, Plaintiff must clearly plead a specific cause or causes of action, state facts which support each cause of action, and allege facts connecting Defendant to the conduct of which he complains.

## II.   CONCLUSION

For the reasons above, the court **grants** Plaintiff's IFP Application and dismisses the Complaint with leave to amend by April 10, 2015. The Case Management Conference set for April 15, 2015 is VACATED and may be re-set by the court at a later date.

The court refers Plaintiff to the section "Representing Yourself" on the Court's website, located at http://cand.uscourts.gov/proselitigants, as well as the Court's Legal Help Centers for unrepresented parties. In San Francisco, the Legal Help Center is located on the 15th Floor, Room 2796, of the United States Courthouse, 450 Golden Gate Avenue, San Francisco. In Oakland, the Legal Help Center is located on the 4th Floor, Room 470S, of the United States Courthouse, 1301 Clay Street, Oakland.

**IT IS SO ORDERED.**

Dated: March 16, 2015



DONNA M. RYU
United States Magistrate Judge

3